ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 8 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA
v.
TERESA ISIOMA OKOBAH
aka ISIOMA TERESA OKOBAH

CRIMINAL INDICTMENT NO.

1:13CR401

THE GRAND JURY CHARGES THAT:

BACKGROUND

At all times material to this Indictment:

1. It was a crime under Title 18, United States Code, Section 1546(a) to knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, and knowingly subscribe as true, statements that were false with respect to material facts in applications, affidavits, and other documents required by the immigration laws and regulations prescribed thereunder, and to knowingly present any such applications, affidavits, and other documents, including but not limited to I-130 visa petitions, I-485 adjustment applications, and I-864 affidavits of support, which contained such false statements and which failed to contain any reasonable basis in law and fact.

2. It was a crime under Title 18, United States Code, Section 1001 to knowingly and willfully make any materially false, fictitious, or fraudulent statement or representation in any matter within the jurisdiction of the executive, legislative or judicial branch of the Government.

## The Process of Obtaining Lawful Permanent Resident Status through Marriage to a United States Citizen:

3. Defendant THERESA ISIOMA OKOBAH, aka Isioma Theresa Okobah was born in Nigeria.

4. Under United States laws and regulations, non-citizens of the United States (aliens) who have been admitted with non-immigrant visas can be granted lawful permanent resident ("LPR") status through marriage to a United States citizen.

5. If an alien admitted as a non-immigrant, whether currently in lawful status or not, marries a United States citizen, the United States citizen can apply for an immigrant visa for his or her alien spouse. The United States citizen will file a "Petition for Alien Relative," Form I-130. In support of this document, the United States citizen petitioner will need to provide proof of his or her citizenship and proof of marriage with the alien beneficiary. In addition, the United States citizen petitioner must submit "shared life" documents — documents that show that the petitioner and beneficiary are actually married. For example, the petitioner can submit documents such as an apartment lease or utility bills to show cohabitation, or statements from a joint bank account showing a comingling of assets.

6. In addition to the I-130 visa petition, the alien beneficiary must submit an "Application to Register Permanent Residence or Adjust Status," Form I-485. The I-485 adjustment application does not have to be submitted with the I-130 petition. However, as an interview is required for both the I-130 visa petition and the I-485 adjustment application, the two forms are generally submitted at the same time. In support of this adjustment application, the alien beneficiary must present proof of a lawful non-immigrant admission to the United States as well as proof of either a pending or approved I-130 visa petition.

7. Along with the I-485 adjustment application, an "Affidavit of Support," Form I-864, must also be submitted by the United States citizen petitioner. This form demonstrates that the household income for the petitioner and alien is at least 125% of the current Federal poverty guideline for a household of the petitioner's size. In support of the I-864 affidavit, the petitioner must present proof of income, such as letters of employment or W-2 wage forms, and must also submit a copy of his or her Federal income tax return for the most recent tax year. In the event that the petitioner's income is below the required level, a joint sponsor may be used. This affidavit of support is required so that the alien can demonstrate that he or she will not be reliant on United States government welfare upon becoming a lawful permanent resident.

## Crimes Committed by THERESA ISIOMA OKOBAH

8. On February 16, 2001, defendant THERESA ISIOMA OKOBAH, an alien to the United States, married BJ, a United States citizen, at the Madison County Courthouse located in Huntsville, Alabama. Defendant THERESA ISIOMA OKOBAH paid Rex Anyanwu to assist her in entering into a fraudulent marriage to circumvent United States immigration laws and become a United States citizen. Anyanwu paid BJ for his participation in the marriage and introduced BJ and OKOBAH. In fact, the first time BJ and defendant THERESA ISIOMA OKOBAH met was at the wedding ceremony.

9. The I-130 visa petition was filed for defendant THERESA ISIOMA OKOBAH on March 7, 2001. BJ never lived in Atlanta, never lived with defendant THERESA ISIOMA OKOBAH, and never shared a checking account with defendant THERESA ISIOMA OKOBAH, all matters submitted to Immigration with the I-130 Petition for Alien Relative.

10. The I-485 application filed for defendant THERESA ISIOMA OKOBAH on March 7, 2001 contained fraudulent supporting documents including fraudulent employment letters from BJ's purported employers and fraudulent W-2s and tax returns.

11. Defendant THERESA ISIOMA OKOBAH did knowingly and willfully make under oath and knowingly subscribe as true, statements she knew to be false with respect to material facts in applications, affidavits, and other documents required by the immigration laws and regulations prescribed thereunder, and knowingly presented such application, affidavit, and other document which contained such false statements and which failed to contain any reasonable basis in law and fact all in violation of Title 18, United States Code, Section 1546(a).

12. Defendant THERESA ISIOMA OKOBAH did knowingly and willfully falsify, conceal, and cover up by tricks, schemes, and devices material facts and did make materially false, fictitious, and fraudulent statements and representations all in violation of Title 18, United States Code, Section 1001.

## COUNT ONE

13. This Count incorporates by reference Paragraphs 1-12 in the Background section.

14. On or about March 13, 2008, in the Northern District of Georgia, the defendant, THERESA ISIOMA OKOBAH, aka ISIOMA THERESA OKOBAH, did knowingly procure and attempt to procure naturalization for herself, contrary to law, when she falsely indicated on her Application for Naturalization that she had not ever committed a crime or offense for which she had not been arrested, knowing full well at the time that she had committed the crime of visa fraud and making false statements in violation of Title 18, United States Code, Sections 1546(a) and 1001, all in violation of Title 18, United States Code, Section 1425(a).

n
n
n
n

## COUNT TWO

15. This Count incorporates by reference Paragraphs 1-12 in the Background section.

16. On or about March 20, 2008, in the Northern District of Georgia, the defendant, THERESA ISIOMA OKOBAH, aka ISIOMA THERESA OKOBAH, did knowingly procure and attempt to procure naturalization for herself, contrary to law, when she falsely indicated on her Application for Naturalization that she had not ever committed a crime or offense for which she had not been arrested, knowing full well at the time that she had committed the crime of visa fraud and making false statements in violation of Title 18, United States Code, Sections 1546(a) and 1001, all in violation of Title 18, United States Code, Section 1425(a).

## COUNT THREE

17. This Count incorporates by reference Paragraphs 1-12 in the Background section.

18. On or about March 13, 2008, in the Northern District of Georgia, the defendant, THERESA ISIOMA OKOBAH, aka ISIOMA THERESA OKOBAH, did knowingly procure and attempt to procure naturalization for herself, contrary to law, when she falsely indicated on her Application for Naturalization that she had not ever given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal, knowing full well at the time that she had given false and misleading information to U.S. government officials as outlined above, all in violation of Title 18, United States Code, Section 1425(a).

## COUNT FOUR

19. This Count incorporates by reference Paragraphs 1-12 in the Background section.

20. On or about March 29, 2008, in the Northern District of Georgia, defendant, THERESA ISIOMA OKOBAH, aka ISIOMA THERESA OKOBAH, willfully and knowingly made a false statement in an application for a passport, namely defendant THERESA ISIOMA OKOBAH, aka ISIOMA THERESA OKOBAH provided documentation, namely a naturalization certificate that had been fraudulently obtained as outlined in Paragraphs 1-12 in the Background section, in support of her passport application, with the intent to induce and secure the issuance of a passport under the authority of the United States for her own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, all in violation of Title 18, United States Code, Section 1542.

A __True__ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

SUSAN COPPEDGE
ASSISTANT UNITED STATES ATTORNEY
404-581-6250
Georgia Bar No. 187251

NJERI B. MALDONADO
SPECIAL ASSISTANT UNITED STATES ATTORNEY
4041581-6097
Provisionally admitted pursuant to Local Rule 83.1A(3).

600 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303